UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE NUNEZ YANEZ,
Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,
Respondents.

Case No.: 26-cv-4934-RSH-MSB

**ORDER DENYING RENEWED PETITION FOR HABEAS CORPUS**

On August 31, 2026, petitioner Jose Guadalupe Nunez Yanez, filed the instant renewed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner has previously sought habeas relief in this District. *See Nunez Yanez v. Archambeault*, No. 26-cv-1734-RSH-MSB (S.D. Cal.) (the "Prior Action"). In that action, Petitioner challenged his detention under 8 U.S.C. § 1225(b), contending he was entitled to a bond hearing under 8 U.S.C. § 1226(a). Case No. 26-cv-1734-RSH-MSB, ECF No. 1 ¶¶ 27–31. On March 23, 2026, Respondents filed a return stating that they did not oppose an order directing a bond hearing. Case No. 26-cv-1734-RSH-MSB, ECF No. 4 at 1–2.

On March 27, 2026, the Court granted the petition and directed the government "to arrange a bond hearing for petitioner before an immigration court within fourteen (14) days of this order." Case No. 26-cv-1734-RSH-MSB, ECF No. 5 at 1. The Court specified that at the hearing, the government would "[bear] the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." *Id.* at 1–2.

On April 3, 2026, an immigration judge conducted the ordered bond hearing and denied bond, finding that Petitioner posed a danger to the community and was a flight risk. ECF No. 9-2 at 4–8. Petitioner filed an appeal of the immigration judge's order on April 17, 2026. ECF No. 9-2 at 6.[1]

On August 31, 2026, Petitioner filed the instant renewed petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In his renewed Petition, Petitioner challenges the adequacy of his bond hearing and the legality of his warrantless arrest and resulting detention. The Court addresses these arguments, in turn, below.

### A. Prudential Exhaustion

Petitioner first contends that the immigration judge denied bond through a "conclusory determination" without meaningfully holding the government to its burden of

---

[1] The BIA appeal appears to be pending. On June 23, 2026, Petitioner submitted a brief in support of that appeal. *See* ECF No. 9-3.

establishing that Petitioner posed a flight risk or a danger to the community by clear and convincing evidence. ECF No. 5 at 3; *see* ECF No. 1 at ¶ 26. Respondents argue that these claims are unexhausted. ECF No. 9 at 2–4.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion, however, "if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted). The Ninth Circuit has applied these principles in analogous circumstances, where a noncitizen seeks habeas review of an immigration judge's adverse bond determination. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.").

Here, the immigration judge issued a written bond memorandum, dated April 27, 2026, that repeatedly recognized the Government's burden of proof by clear and convincing evidence and explained the basis for denying bond. ECF No. 9-2 at 6–8. Although the immigration judge acknowledged Petitioner's lack of criminal history, the memorandum explained why Petitioner's manner of apprehension supported findings of dangerousness and flight risk. *Id.* at 7–8. While Petitioner maintains that he does not seek to relitigate the bond decision or have this Court substitute its judgment for that of the immigration judge, his arguments turn substantially on the immigration judge's evaluation of the evidence. Specifically, Petitioner emphasizes his lack of criminal history, lengthy residence in the United States, fixed address, and stable employment, and contends that these circumstances undermine the findings of dangerousness and flight risk. ECF No. 1 at 24–26. He also disputes the significance attributed to his conduct during apprehension. *Id.* at 37–39. The Court finds these are arguments to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review.

Petitioner argues that exhaustion should be excused in this case because BIA review would be inadequate to remedy his asserted constitutional violation. *Id.* at 33–34. But characterizing his claims in constitutional terms does not establish that the BIA cannot address the underlying alleged errors in the immigration judge's consideration of the evidence. The Court declines to act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process, designed to allow the agency to correct its own errors. Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it.

**B. Arrest**

Plaintiff next alleges his arrest and resulting detention violated 8 U.S.C. §§ 1226(a) and 1357(a)(2) because officers neither possessed a warrant naming him nor satisfied the statutory requirements for a warrantless arrest. ECF No. 1 at 42–44.

The record reflects that ICE officers arrested Petitioner on November 14, 2025, during an immigration enforcement operation in Coachella, California. ECF No. 9-1 at 3–4. Respondents submit a Form I-200 administrative warrant naming Petitioner that was issued and served to Petitioner on the same date. ECF No. 12-1 at 2. To the extent Petitioner requests immediate release because a warrant was not issued *before* his arrest, the Court denies the request. *See Perez v. Mullin*, No. 26CV3178-LL-JAC, 2026 WL 1893844, at *2 (S.D. Cal. June 30, 2026) (denying request for immediate release where government submitted evidence an administrative warrant was served on petitioner on the same day he was detained); *Ortiz, v. LaRose*, No. 26CV4127-GPC(MMP), 2026 WL 2392381, at *3 (S.D. Cal. Aug. 17, 2026) (denying request for immediate release where I-200 administrative warrant was timely issued on the day of petitioner's arrest).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 17, 2026

Hon. Robert S. Huie
United States District Judge